UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

PAUL KORDENBROCK                                         PLAINTIFF

v.                                                 CIVIL ACTION NO. 5:10CV-P205-R

J. MICHAEL BROWN et al.                                DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Paul Kordenbrock, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).[1] For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff, who is incarcerated at the Kentucky State Penitentiary, initially filed a document styled a petition for a writ for declaratory decree under 28 U.S.C. § 2201. The Court entered an Order explaining that the Declaratory Judgment Act did not establish an independent basis for jurisdiction and ordering Plaintiff to file either a 28 U.S.C. § 2241 or § 2254 petition or a § 1983 complaint should he wish to continue with the action. In response, Plaintiff filed a complaint pursuant to § 1983 on the Court-supplied form (DN 4).

Plaintiff's § 1983 complaint names as Defendants in their individual and official capacities Justice Cabinet Secretary J. Michael Brown; Parole Board Chairman Verman Ray Winburn; Parole Board Executive Director Charles A. Wilkerson; and Warden Philip Parker. He

---

[1] Pursuant to 28 U.S.C. § 1915A, "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Thus, even though Plaintiff paid the $350.00 filing fee, the Court is still required to screen his complaint before service on Defendants. *Id.*

states in his complaint that he entered guilty pleas in Boone County, Kentucky, to murder, attempted murder, and first-degree robbery and was sentenced to a "'paroleable life sentence'" and two 20-year sentences. He states that he was also charged with two counts of murder in Kenton County, Kentucky, to which he entered guilty pleas for a "'paroleable life sentence.'" He asserts that at the time he entered his pleas, Kentucky had no sentence of life without benefit of parole. He states that he first met with the Parole Board in September 1991, at which time he was given a 144-month deferment. He further states that he was taken back before the Parole Board in January 1992 and given another 144-month deferment. He asserts that at the time he entered his pleas the longest deferment a life sentence could receive was six years and there was no provision to "serve out" a life sentence.

Plaintiff states that on January 23, 2004, he was again taken before the Parole Board at which time he received a "serve out" on his life sentences. He states that he attempted to have that decision reconsidered, then filed a petition for declaration of rights before the circuit court. That motion was dismissed, and Plaintiff appealed; the Kentucky Supreme Court denied discretionary review.

Plaintiff argues that the Parole Board's action has amended his sentence to a life sentence without benefit of parole, which was a sentencing option that could not be considered at the time he entered his pleas, in violation of the ex post facto clause of the Constitution. Plaintiff also argues that Defendants created a liberty interest in that their Parole Board guidelines established that Plaintiff would have a possibility of parole consideration every six years. He asserts that changing a "paroleable" life sentence to a sentence of life without the possibility of parole 24 years after he was sentenced constitutes both a double jeopardy violation and a violation of the

cruel and unusual punishment clause of the Eighth Amendment. Plaintiff also alleges that his due process rights have been violated and that the plea agreement, which is a contract, has been breached. As relief, Plaintiff wants injunctive relief in the form of being taken before the Parole Board for a new hearing and compensatory damages for costs associated with bringing this action.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Ex post facto claim*

Plaintiff argues that the Parole Board's order to serve out his sentence is a change from the sentence that was available at the time he entered his pleas and was therefore an ex post facto violation. This does not appear to be true. The Parole Board had the discretion under its regulations to order the serve out. *See Cosby v. Kentucky Parole Bd.*, No. 2004-CA-002240-MR,

3

2006 WL 574403, at *2 (Ky. Ct. App. March 10, 2006) (holding even under the 1984 regulation, the board could deny parole and require a "serve out", not merely defer its decision for eight years); *see also Preston v. Hughes*, No. 97-6507, 1999 WL 107970, at *2 (6th Cir. Feb. 10, 1999) ("There is not now, nor has there ever been during Preston's sentence [imposed in 1964], a statutory right to parole eligibility every six years for the duration of a life sentence.").

More importantly, Plaintiff's argument fails because an ex post facto violation does not occur unless there is a change in the law which creates a significant risk of increased punishment for the inmate. *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 502 (1995) (holding that application of amendment of state parole procedures to allow a decrease in the frequency of parole suitability hearings to prisoners who committed crimes before amendment was enacted was not an ex-post-facto-clause violation). Here, the fact that the Kentucky Parole Board has ordered that Plaintiff serve out his sentence did not create a significant risk of increased punishment for Plaintiff. Plaintiff received a life sentence, and the Parole Board's action did not increase or create a significant risk of increase to that sentence. Where there was a right to, or expectation of, parole, Plaintiff might argue that the change in Parole Board regulations created a significant risk of increased punishment. However, Plaintiff has no right to parole and no expectation that he will receive parole. In Kentucky, the decision to grant or deny parole is entirely discretionary with the Parole Board. *Belcher v. Ky. Parole Bd.*, 917 S.W.2d 584, 586 (Ky. Ct. App. 1996). Therefore, Plaintiff's sentence has remained the same and parole eligibility is of no consequence. Plaintiff's ex post facto claim must be dismissed.

### *Double Jeopardy claim*

The Double Jeopardy Clause applies to judicial proceedings, not parole proceedings.

*Sand v. Bogan*, No. 93-2280, 1994 WL 112862, at *2 (6th Cir. Mar. 31, 1994) (citing *Alessi v. Quinlan*, 711 F.2d 497, 501 (2d Cir. 1983)); *see also Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir.1986) ("The double jeopardy clause does not apply to parole revocation proceedings [or to] vacation of a presumptive parole release date."). Here, the Parole Board is denying Plaintiff the privilege of early release from a previously imposed punishment, not subjecting him to double jeopardy. *Mayrides v. Chaudhry*, 43 F. App'x 74, 745 (6th Cir. 2002) ("The parole board's refusal to grant parole does not increase Mayrides's sentence, nor is parole designed to punish a defendant for the violation of criminal law."); *see also Ellick v. Perez*, 27 F. App'x 489, 490 (6th Cir. 2001) (holding that "parole determinations are not considered criminal punishment for the purposes of the Double Jeopardy Clause") (citing *Kell v. United States Parole Comm'n*, 26 F.3d 1016, 1020 (10th Cir. 1994)). Because Plaintiff failed to state a cognizable double jeopardy claim, it will be dismissed.

### *Cruel and unusual punishment claim*

The Eighth Amendment to the United States Constitution, applicable to the states through the Due Process Clause of the Fourteenth Amendment, protects against cruel and unusual punishments. *See* U.S. Const., amend. VIII; *Harmelin v. Mich.*, 501 U.S. 957, 962 (1991). The Eighth Amendment, however, does not require strict proportionality between a crime and its punishment. *Harmelin*, 501 U.S. at 965; *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62

(6th Cir. 1995)).

The Parole Board did not issue a sentence; it merely declined to extend parole to Plaintiff and reiterated that he "should serve out that life sentence." *See Preston v. Hughes*, No. 97-6507, 1999 WL 107970, at *2 (6th Cir. Feb. 10, 1999). Moreover, assuming the decision denying parole may be considered the imposition of punishment, Plaintiff's sentence falls within the maximum allowed by statute. Therefore, Plaintiff's cruel-and-unusual-punishment claim fails to state a claim for which relief may be granted. *See Austin*, 213 F.3d at 302.

*Due process claim*

For Plaintiff to state a claim based upon an alleged violation of due process, he must have a valid liberty or property interest. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). A liberty or property interest must rise to more than "an abstract need or desire" and must also be based upon more than a "unilateral hope." *Id.* (internal quotation marks and citation omitted). An individual must have a legitimate claim of entitlement. No liberty or property interest exists here because a convicted person has no particular right to be paroled in Kentucky before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Belcher*, 917 S.W.2d at 587; *Land v. Commonwealth*, 986 S.W.2d 440, 442 (Ky. 1999) ("Kentucky courts have repeatedly held that there is no constitutional right to parole, but rather parole is a matter of legislative grace or executive clemency."). Also, Plaintiff's eligibility for parole under Kentucky's discretionary parole system is not an "atypical and significant hardship" that would elevate it to a protected liberty interest under *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Court will dismiss this claim for failure to state a claim upon which relief may be

granted as well.

*Breach of contract*

Because Plaintiff's federal law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claim that his plea agreement has been breached. *See* 28 U.S.C. § 1367(c)(3). That claim will be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date:

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel

4413.009